**GREAT NORTHERN RAILWAY COMPANY and Pacific Coast R. R. Co.**

v.

**The UNITED STATES.**

**No. 245-62.**

United States Court of Claims.

Nov. 12, 1965.

Elmer B. Trousdale, St. Paul, Minn., attorney of record, for plaintiffs.

Lewis A. Dille, Kensington, Md., with whom was Asst. Atty. Gen. John W. Douglas, for defendant. John Charles Ranney, Washington, D. C., of counsel.

Before COWEN, Chief Judge, LARAMORE, DURFEE, and COLLINS, Judges, and JONES, Senior Judge.

COWEN, Chief Judge.

This action to recover freight charges involves 23 shipments of Army tractor tanks with guns, which moved during the months of May and June 1958 over the lines of plaintiffs from Nebo, California, to Renton, Washington. After the shipments had been completed, the carriers billed defendant and were then paid the charges claimed. They were based upon a Class or Column 35 rate named in Section 2, page 173 of North Pacific Coast Freight Bureau Tariff No. 1016, plus various rate increases.

After an audit made pursuant to 49 U.S.C. 66, defendant determined that it had been overcharged in the amount of

$10,967.55 and deducted that sum from amounts admittedly due plaintiff Great Northern Railway Company on bills for other services. The deduction was made in reliance on a Class 35 rate in Pacific South-Coast Freight Bureau Tariff No. 234–C, plus various rate increases. Thereafter, plaintiffs brought this suit to recover the amount deducted. Defendant asserts that it is entitled to retain the deduction and, in addition, it has a counterclaim for $210.91, computed on the same basis it used in making the deduction.

At the time the Army tanks were transported by plaintiffs, there was in effect Section 22 Quotation 64–A, tendered to defendant under Section 22 of the Interstate Commerce Act and authorizing rates lower than those stated in published tariffs on file with the Interstate Commerce Commission. If Section 22 Quotation No. 64–A had not been available, defendant would have been charged freight rates based on a Class A rating, since Army tractor tanks carried that rating in the Western Classification. A Class A rating is lower than a Class 1 rating. By virtue of the quotation, defendant claims that it was entitled to apply a Class or Column 35 rating. Class 35 means 35 percent of the first class rating and is lower than a Class A rating.

To the extent that it is pertinent here, Quotation 64–A provided as follows:

Item No. 2    Rates to be Applied

Subject to compliance with all the terms and conditions of this quotation, each shipment of the kind described in Item No. 1 [Army tractor tanks with guns] shall be subject and entitled to all-rail carload rates as follows . . class or column 35 (see Note 2) published in tariffs (see Exceptions) lawfully on file with the Interstate Commerce Commission. Note 2. Where class or column 35 is not published apply 35 percent of first class.
*  *  *

In computing the freight charges which it says were applicable, defendant points to the above-quoted language and contends that since a Class 1 rating covering Army tractor tanks with guns was published in Pacific South-Coast Freight Bureau Tariff No. 234–C, it was entitled to 35 percent of the rate fixed for that first class rating. However, plaintiffs maintain that prior to the time the shipments were made, the Class 35 rating in the tariff relied upon by defendant had been cancelled and was no longer in effect. Therefore, plaintiffs say that to determine the rate authorized by Quotation 64–A, we must look to the terms of an available tariff in which a Class or Column 35 rating was published and was then in effect. According to plaintiffs, the tariff in which such rating was published and in effect was the tariff upon which they rely.

Effective as of September 1, 1956, and before defendant shipped the tractor tanks, Supplement No. 52 to Pacific South-Coast Freight Bureau Tariff No. 234–C was published. It was in effect when the shipments were made and provided as follows:

All class rates in this Tariff are hereby cancelled except:

(b) Class rates are continued in effect to apply on traffic subject to ratings in the Western Classification as follows: Classes 1 through A only. Articles subject to ratings in Western Classification lower than Class A (i. e., Classes B, C, D and E) are hereby made subject to 5th class rates (exceptions to Western Classification. The provision of this paragraph is not an exception to the Western Classification under paragraph (a) hereof). For rates to apply in lieu of those hereby cancelled, see Mountain-Pacific Intraterritorial Class Tariff No. 1016, Agent J. P. Haynes' ICC No. 1590.

The facts are not disputed and it is clear that the issue here involves

a construction of published tariffs and presents purely a question of law. Hohenberg et al. v. Louisville & N. R. Co., 5 Cir., 46 F.2d 952, cert. denied, 284 U.S. 617, 52 S.Ct. 6, 76 L.Ed. 527 (1931).

 In following established rules for the construction of tariffs, we must examine and give effect to every pertinent word, clause, and sentence of the quotation and tariffs before us. It is to be noted first that Supplement 52 to Pacific South-Coast Freight Bureau Tariff No. 234–C cancelled all class rates in that tariff, except Classes 1 through A. Since a Class or Column 35 rate is lower than a rate charged on an article rate in Classes 1 through A, it follows that any Class or Column 35 rate theretofore provided in that tariff was also cancelled. Defendant seems to admit this.

We think the key to the question for decision is found in Note 2 of Quotation 64–A. Although defendant correctly states that the Class 1 rating for tractor tanks remained in effect when Supplement 52 to Tariff No. 234–C was issued, the defendant must, if it is to prevail, show that a Class or Column 35 rating for tractor tanks was not published at the time pertinent to this suit. For, unless such a rate was not published in an available tariff, Note 2 precludes defendant from applying 35 percent of the first class rate as it has done.

The answer to whether a Class or Column 35 rate was published is found in the provisions of Quotation 64–A itself, which in Item No. 7, entitled "Definition of Terms", states:

Where reference is made to "Item", "Quotation", "tariff" or "Classification", such reference includes supplements or amendments thereto or successive issues thereof. The term "tariff" as used herein means tariffs on file with the Interstate Commerce Commission or State regulatory authorities. Where reference is made to "rate", it means a rate in effect by tariff or pursuant to any other applicable Quotation. The term "Quotation" as used herein means a quotation under Section 22 of the Interstate Commerce Act, as amended.

To determine whether a tariff providing for a Class or Column 35 rate was on file with the Interstate Commerce Commission and in effect as stated in the quotation, we next look to Supplement 52 of Tariff No. 234–C which directs us to Mountain-Pacific Intraterritorial Class Tariff No. 1016 for the rates to be applied in lieu of those cancelled by the Supplement. It is undisputed that this tariff was on file with the Interstate Commerce Commission, was in effect when plaintiffs transported the tractor tanks, and provided a Class or Column 35 rate for tractor tanks in Section 2 at page 173 thereof. This is the rate which the plaintiffs charged, and we think the conclusion is inescapable that it was the applicable rate.

Judgment is entered for plaintiffs in the sum of $10,545.73 and defendant's counterclaim is dismissed.